# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAMILLA JONES, ET AL.** | * | **CIVIL ACTION NO. _____** |
| | * | |
| **VERSUS** | * | **SECTION: _____** |
| | * | |
| **DICK'S SPORTING GOODS, INC.** | * | **HONORABLE _____** |
| | * | |
| | * | **MAGISTRATE _____** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Dick's Sporting Goods Inc., appearing through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

## I.  PROCEDURAL HISTORY

### 1.

The plaintiffs filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on April 30, 2020. The case was captioned "*Camilla Jones, et al. v. Dick's Sporting Goods, Inc.*," Docket No. C-696144. (Exhibit A: Petition; Exhibit B: Service Sheet).

### 2.

The plaintiffs bring this lawsuit against Dick's Sporting Goods, Inc., for the wrongful death of their newborn son as a result of complications from his mother's fall in a Dick's Sporting Goods store. (Exhibit A: Petition).

**3.**

According to 28 U.S.C. § 1446(b)(3), "if a case by the initial pleadings is not removable, a notice of removal may be filed within 30 days after receipts by the defendant, through service or otherwise of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Addo v. Globe Life and Acc. Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000) (citing *S.W.S. Erectors, Inc. v. Infax Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). A response to a request for admission constitutes "other paper" under 28 U.S.C. § 1446(b)(3).

**4.**

A defendant also must prove that a civil action is not "nonremovable." *Morris v. Home Depot U.S.A., Inc.*, 2011 WL 711047, * 2 (N.D. Tex. 2011). 28 U.S.C. § 1445(c) specifies that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

**5.**

The defendant removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, COMPLETE DIVERSITY EXISTS, AND 28 U.S.C. § 1445(c) DOES NOT PROHIBIT REMOVAL

**6.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

**7.**

The Fifth Circuit has explained that for the purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by settling forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The plaintiffs' petition and the facts set forth in this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

**8.**

The Petition for Damages does not state whether the amount in dispute exceeds $75,000. (Exhibit A: Petition). For purposes of this removal, it is apparent from the face of the petition, as well as from the additional facts set forth herein, that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

**9.**

The plaintiffs are seeking damages for the wrongful death of their newborn son under Louisiana Civil Code article 26. (Exhibit A: Petition; Exhibit E: Response to Requests for Admission on Workers' Compensation Claims). In their petition, the plaintiffs claim that on or about May 1, 2019, Mrs. Jones allegedly slipped and fell while pregnant in the bathroom of a Dick's Sporting Goods store located in the parish of East Baton Rouge. (Exhibit A: Petition). The plaintiffs claim that the floor had recently been mopped and was wet and slippery. *Id*. They further

allege that there were no signs or other indications to notify Mrs. Jones that the floor was wet, and that there were no rugs, mats, or carpets on the floor. *Id*. Their son was born prematurely on May 21, 2019. *Id*. He passed away shortly thereafter and Mrs. Jones was notified by her physicians that his premature birth and death were due to complications suffered as a result of Mrs. Jones' fall. *Id*.

**10**.

On June 25, 2020, defendant Dick's Sporting Goods, Inc., received the plaintiffs' response to its request for admission in which they admitted that they were claiming damages in excess of $75,000.00. (Exhibit C: Response to Requests for Admission on Amount in Controversy).

**11.**

While defendant, Dick's Sporting Goods, Inc., admits no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal that the matter in controversy exceeds $75,000.00. Defendant has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

**12.**

The plaintiffs are citizens of and domiciled in the State of Louisiana. (Exhibit A: Petition).

**13.**

Defendant, Dick's Sporting Goods, Inc., is a foreign corporation incorporated in the state of Delaware and having its principal place of business at 345 Court Street, Coraopolis, Pennsylvania 15108, pursuant to 28 U.S.C. § 1332(c)(1).

**14.**

There is complete diversity of citizenship between the plaintiffs and the defendant.

4

**15.**

28. U.S.C. § 1445(c) states "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). In cases which involve a fact pattern that may give rise to a type of case not removable to federal court under 28. U.S.C. § 1445(c), the "[d]efendant must demonstrate "[1] that the parties have diversity of citizenship, [2] that the amount in controversy more likely than not exceeds $75,000, and [3] that [the plaintiff's] claims do not arise under [the workmen's compensation laws of the state]." *Morris v. Home Depot U.S.A., Inc.*, 2011 WL 711047, * 2 (N.D. Tex. 2011).

**16.**

The Petition for Damages does not state whether the instant claims arise under the worker's compensation laws of Louisiana. (Exhibit A: Petition). For purposes of this removal, it is apparent from the additional facts set forth herein, that the plaintiffs' claims in the instant lawsuit do not arise under Louisiana's workers' compensation laws.

**17.**

In their petition, the plaintiffs claim that Mrs. Jones was employed by the Dick's Sporting Goods location at which she fell, that she was working at the location on the day of the accident, and that she fell during her work hours. (Exhibit A: Petition). It also references Louisiana Civil Code article 26 on wrongful death. *Id*. The plaintiffs' responses to the defendant's interrogatories and requests for production, received by the defendant on August 13, 2020, discussed a workers' compensation claim filed with the Office of Workers' Compensation seeking payment for Mrs. Jones' medical bills, but did not address whether the medical expenses, the records and expense sheets from which were included in the responses in the production of documents by plaintiffs, are

also at issue in this case or whether this case solely involves the plaintiffs' wrongful death claim. (Exhibit D: Answers to Interrogatories and Responses to Requests for Production).

**18.**

The first notice defendant, Dick's Sporting Goods, Inc., received indicating this case was removable was its receipt of the plaintiffs' response to its request for admission on whether, "none of [the plaintiffs'] claims in this lawsuit, case no. C-696144, arise under the worker's compensation laws of Louisiana," to which the plaintiffs responded and specified that, "A separate cause of action has been filed against workers' compensation in the Office of Workers' Compensation for unpaid medical bills and lost wages to Camilla Jones. The parents, on behalf on their deceased infant, have a wrongful death claim against the employer for its negligence in causing the accident which led to the infant's demise." Defendant, Dick's Sporting Goods, Inc., received the plaintiffs' response on September 4, 2020, after Dick's Sporting Goods, Inc. was served on May 29, 2020. (Exhibit E: Response to Requests for Admission on Workers' Compensation Claims).

**19.**

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, complete diversity exists between all adverse parties, and the case is removable to federal court because the plaintiffs' claims do not arise out of the workmen's compensation laws of Louisiana.

III.    **DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

**20.**

Dick's Sporting Goods, Inc., was served with the Petition for Damages through its statutory agent for service of process, the Louisiana Secretary of State, on May 29, 2020. (Exhibit B: Service Sheet).

**21.**

28 U.S.C. § 1446(b) sets forth the timeliness requirements necessary for removal, stating, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**22.**

Dick's Sporting Goods, Inc., received the plaintiffs' responses to its requests for admission on whether the plaintiffs' claims arise under the workmen's compensation laws of Louisiana on September 4, 2020, after service of the petition. (Exhibit B: Service Sheet; Exhibit E: Response to Requests for Admission on Worker's Compensation Claims). Thus, this petition for removal is timely filed under 28 U.S.C. § 1446(b).

**23.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, is between a citizen of a state and citizens or subjects of a foreign state, and is not barred from removal by 28 U.S.C. § 1445.

**24.**

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**25.**

No previous application has been made by Dick's Sporting Goods, Inc., for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by the defendant to date are attached hereto as Exhibit A and Exhibit F. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Counsel Michelle M. Sorrells and Plaintiffs Camilla Jones and Bobby Jones, Jr., in proper person by mail and filed with the Clerk for the 19th Judicial District Court in the state court record. No other process, pleadings, or orders have been served upon the defendant.

**IV.    CONCLUSION**

**26.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which the defendant, Dick's Sporting Goods, Inc., has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

**27.**

The defendant reserves the right to supplement or amend this Notice of Removal.

**28.**

The defendant reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver of, any and all defenses that are or might become available, including, but not limited to those available to the defendant, Dick's Sporting Goods, Inc.

**29.**

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** defendant, Dick's Sporting Goods, Inc., prays that the above numbered and entitled cause of action on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from said court to the docket of the United States District Court for the Middle District of Louisiana, and for all other general and equitable relief.

Respectfully submitted,

*/s/ James R. Nieset, Jr.*

**JAMES R. NIESET, JR. (24856)**
Porteous, Hainkel & Johnson
704 Carondelet Street
New Orleans, LA  70130-3774
Telephone: (504) 581-3838
Email: jnieset@phjlaw.com

**Counsel for Defendant Dick's Sporting Goods, Inc.**

9

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on September 8, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Plaintiffs Camilla Jones and Bobby Jones, Jr.**
*Through counsel for service*
Michelle M. Sorrells
12345 Perkins Road, Building Two
Baton Rouge, Louisiana 70810

**19th Judicial District Court for the Parish of East Baton Rouge**
Doug Welborn
Clerk of Court
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

The following have been served a copy of the foregoing pleading on counsel via United States mail, properly addressed and first class postage prepaid: N/A.

*/s/ James R. Nieset, Jr.*
JAMES R. NIESET, JR.